UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

TRANSTAR INDUSTRIES, LLC,

        Plaintiff,

    vs.

TIM LUNDQUIST, ET AL.,

        Defendants.

------------------------------------------------------------

CASE NO. 1:20-cv-02223

OPINION & ORDER
[Resolving Docs. 16, 21, 22]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Transtar Industries, LLC, sues Defendants Tim Lundquist and Dynotec Industries for breach of contract and sues on an unpaid account.[1]

Plaintiff now moves for summary judgment and argues that Defendants cannot show a genuine issue of material fact regarding their liability or damages.[2] Defendants oppose. With their opposition, Defendants contend that summary judgment should not be granted because the parties disagree on the damages amount.[3] Further, Defendants move to strike Plaintiff's Reply brief because Plaintiff filed its brief seven days after the Court's deadline.[4] Plaintiff responds that the delayed filing was due only to a clerical error.[5]

For the following reasons, the Court **PARTIALLY GRANTS** Plaintiff's summary judgment motion. The Court grants Plaintiff's summary judgment motion on breach of contract liability, but the case will proceed on damages issues. Plaintiff's summary

---

[1] Doc. 1; Doc. 1-1.
[2] Doc. 16.
[3] Doc. 18.
[4] Doc. 21 at 1–2.
[5] Doc. 22 at 1.

Case No. 1:20-cv-02223
Gwin, J.

judgment motion for its unjust enrichment claim is **DENIED**. The Court **DENIES** Defendants' motion to strike Plaintiff's Reply brief and **GRANTS** Plaintiff leave to file their Reply brief.

I. Background

Plaintiff Transtar and Defendant Dynotec Industries have a longstanding business relationship. Defendant Tim Lundquist owns Defendant Dynotec.[6]

Transtar makes and sells transmission parts, as well as "driveline-related solutions."[7] Defendant Dynotec makes and distributes "remanufactured" transmissions.[8] Dynotec bought parts from Transtar for Dynotec's remanufactured transmissions. Dynotec also sold remanufactured transmissions to Plaintiff Transtar.[9]

Since 2009, Defendant Dynotec has had a credit arrangement with Plaintiff Transtar, guaranteed by Defendant Lundquist, to purchase transmission parts.[10]

Plaintiff Transtar claims that Defendant Dynotec breached their agreement and owes Transtar more than one million dollars.[11] In turn, Dynotec asserts an equitable recoupment defense and argues that the amount Dynotec owes Transtar is mostly or totally offset by costs and damages Transtar allegedly owes Dynotec.[12] In support of this argument, Dynotec says a portion of the Transtar parts that it had purchased were defective.

---

[6] Doc. 16 at 3–4.
[7] *Id.*
[8] *Id.* at 4.
[9] *Id.*; Doc. 18 at 3.
[10] Doc. 16 at 4.
[11] *Id.* at 5.
[12] Doc. 18 at 9–10.

Case No. 1:20-cv-02223
Gwin, J.

## II. Discussion

### a. Summary Judgment Standard

A party is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[13] A genuine issue of material fact exists where "a reasonable jury could return a verdict for the nonmoving party" based on the evidence.[14]

In reviewing a motion for summary judgment, the Court views all evidence in the light most favorable to the nonmoving party.[15] The nonmoving party "must show sufficient evidence to create a genuine issue of material fact"[16] as to each of the claim's required elements.[17] But, summary judgment is still appropriate "[i]f the evidence is merely colorable . . . or is not significantly probative."[18]

### b. Defendants' Motion to Strike

To begin, Defendants move to strike Plaintiff's Reply brief because Plaintiff filed it a week after the Court's deadline.[19] The Court typically does not permit late filings but allows Plaintiff's Reply brief in this instance.

Federal Rule of Civil Procedure 6 provides that the Court can extend deadlines for good cause "on motion made after the time has expired if the party failed to act because of

---

[13] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citation omitted).
[14] *Peffer v. Stephens*, 880 F.3d 256, 262 (6th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[15] *Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 500–01 (6th Cir. 2007) (citation omitted).
[16] *Id.* (citation omitted).
[17] *Id.* (noting that a scintilla of evidence is not enough to defeat a summary judgment motion).
[18] *Liberty Lobby, Inc.*, 477 U.S. at 249–50.
[19] Doc. 21 at 2.

-3-

Case No. 1:20-cv-02223
Gwin, J.

excusable neglect."[20]  In the Sixth Circuit, the standard for excusable neglect requires consideration of certain factors, including prejudice to the nonmoving party, the length and impact of the delay, and the reason for the delay.[21]

Plaintiff explains that the late filing was due to a clerical error.  The brief is permitted in this instance because Defendants have not shown that they were prejudiced by the late filing.  Also, the late filing has had little impact on the course of litigation.[22]  The Reply brief is helpful to the Court's understanding of the summary judgment issues.

### c. Plaintiff's Summary Judgment Motion

#### i. Plaintiff's Breach of Contract Claim

Summary judgment is appropriate in this instance because there is no material issue of fact regarding Defendants' breach of contract.  However, the parties dispute the amount that Defendants owe Plaintiff and summary judgment is inappropriate for the remaining damages issues.

To prevail on a breach of contract claim, a plaintiff must show:  (1) that there was a contract between the parties; (2) that the plaintiff performed their duty under the contract; (3) that the defendant breached the contract; and (4) that the plaintiff suffered loss or damage because of the defendant's breach.[23]

---

[20] Fed. R. Civ. P. 6(b)(1)(B).
[21] Nafziger v. McDermott Intern., Inc. 467 F.3d 514, 522 (6th Cir. 2006) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)) ("Here, the governing legal standard for excusable-neglect determinations is a balancing of five principal factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.").
[22] Doc. 21 at 1–2; Doc. 22 at 2.
[23]

-4-

Case No. 1:20-cv-02223
Gwin, J.

In this instance, there are no issues of material fact on these elements that would prevent summary judgment on liability. Plaintiff Transtar and Defendant Dynotec agree they had a contract where Transtar sold Dynotec parts (and Dynotec sold some remanufactured transmissions back to Transtar).[24] Transtar sold Dynotec parts for which Dynotec did not and still has not paid.[25]

Defendants contend that summary judgment should not be granted because there are issues of fact regarding *how much* Defendants owe Plaintiff.[26] But Defendants' argument is a question of damages, not liability. Defendants do not contest that it did not pay Plaintiff for product that Defendants purchased.

Instead, Defendants make a recoupment defense.[27] In a recoupment defense, a defendant asserts the right to "reduce the amount demanded" in a breach of contract claim. The recoupment argument must arise from the same events as a plaintiff's claim.[28] A recoupment defense essentially permits a defendant to argue that the plaintiff did not meet their obligations under a contract and should not recover the full amount claimed.[29]

Here, Defendants claim a litany of costs and damages they incurred from replacing and repairing allegedly faulty products from Plaintiff Transtar over a number of years.[30]

---

[24] Doc. 16 at 7; Doc. 18 at 3.
[25] Doc. 16 at 7.
[26] Doc. 18 at 9.
[27] *Id.* at 9–12.
[28] *Wright v. Cramer*, 107 N.E.3d 836, 856–57 (Ohio Ct. App. 2018) (citing *Riley v. Montgomery*, 463 N.E.2d 1246, 1248 (Ohio 1984)).
[29] *Riley*, 463 N.E.2d at 1248–49 (citation omitted) ("[Recoupment] does not confess the indebtedness alleged in the complaint, as is understood by a setoff, but its proposition is that the plaintiff's claim is based on a particular contract or transaction and that to entitle the plaintiff to the sum claimed, he must prove compliance with certain obligations of the contract; that he failed to do so; and therefore that the defendant has been so damaged in the transaction that the plaintiff is not entitled to recover.").
[30] *See* Doc. 18 at 10–12.

Case No. 1:20-cv-02223
Gwin, J.

But, Ohio's codified version of the Uniform Commercial Code Article II, Ohio Revised Code § 1302, applies in this case.[31]

Defendants accepted the allegedly faulty products from Transtar and did not timely reject them.[32] While Defendants provide evidence that they discussed the quality issues with Plaintiff,[33] they do not show that they ever effectively rejected problem parts.[34]

In Ohio, "[a]cceptance of goods by the buyer precludes rejection of the goods accepted."[35] Once the buyer accepts the goods, he must "within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy."[36] A buyer accepts goods when (1) the buyer signifies the goods are conforming or that they buyer will accept them despite nonconformity "after a reasonable opportunity to inspect the goods"; (2) the buyer fails to make an effective rejection after a reasonably opportunity to inspect the goods; and (3) the buyer acts in any way that is "inconsistent with the seller's ownership."[37] In turn, a rejection of goods must be "within a reasonable time after their delivery or tender," and a buyer must "seasonably" notify the seller.[38] "The period of time in which the buyer must act is measured by the buyer's right to a reasonable opportunity to inspect the goods."[39]

---

[31] *See* Ohio Rev. Code § 1302.01(A)(8), § 1302.02.
[32] Ohio Rev. Code § 1302.64; Ohio Rev. Code § 1302.65 ("Acceptance of goods by the buyer precludes rejection . . . .").
[33] Doc. 18-3.
[34] Ohio Rev. Code § 1302.61.
[35] Ohio Rev. Code § 1302.65(B).
[36] Ohio Rev. Code § 1302.65(C)(1).
[37] Ohio Rev. Code § 1302.64(A).
[38] Ohio Rev. Code § 1302.61.
[39] *Hooten Equipment Co. v. Trimat, Inc.*, No. 03CA16, 2004 WL 444134, at *3 (Ohio Ct. App. Mar. 8, 2004).

Case No. 1:20-cv-02223
Gwin, J.

Here, Defendants do not show that they effectively rejected the nonconforming parts. Defendants do not explain whether they inspected the parts or knew about the problem parts before Defendants used the parts in remanufactured transmissions and sent them to end users. Defendants provided emails dated between 2014 and 2017 to show that they alerted Plaintiff about defective parts.[40] But Defendants do not make a claim or counterclaim that Plaintiff breached an express or implied warranty between the parties. Rather, Defendants argue that they have a right to recoup costs associated with the bad parts because Plaintiff did not properly honor unspecified warranties.[41]

Without more specificity as to which parts did not work, a timeline for when Defendants rejected (or tried to reject) them, or more information about whether Defendants actually tried to reject the parts, the evidence does not show that Defendants rejected Plaintiff's nonconforming goods.

Defendants cannot maintain a recoupment argument based on claimed damages resulting from allegedly faulty products that Defendants accepted from Plaintiff Transtar. Because Ohio's version of Article II covered these goods sales and because Defendants did not timely reject supposed non-conforming goods, Defendant Dynotec is stopped from later rejecting the parts.

Still, Defendants take issue with other specific aspects of Plaintiff's damages calculation.[42] Summary judgment on damages is not warranted.

---

[40] Doc. 18-3.
[41] Doc. 18 at 10.
[42] Doc. 18 at 12–14.

-7-

Case No. 1:20-cv-02223
Gwin, J.

### ii. Plaintiff's Unjust Enrichment Claim

Finally, Plaintiff's unjust enrichment claim cannot stand because a contract governs the parties' agreement. The equitable doctrine of unjust enrichment "operates in the absence of an express contract or a contract implied in fact."[43] Summary judgment is not appropriate for Plaintiff's unjust enrichment claim because Plaintiff's claim is covered by the breach of contract claim.

### III. Conclusion

For the following reasons, the Court **PARTIALLY GRANTS** Plaintiff's summary judgment motion. The Court grants Plaintiff's summary judgment motion on breach of contract liability, but the case will proceed on damages issues. Plaintiff's summary judgment motion for its unjust enrichment claim is **DENIED.** The Court **DENIES** Defendants' motion to strike Plaintiff's Reply brief and **GRANTS** Plaintiff leave to file their Reply brief.

IT IS SO ORDERED.

Dated: May 7, 2021      *s/      James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[43] *Beatley v. Beatley*, 828 N.E.2d 180, 192–93 (Ohio Ct. App. 2005) (citation omitted); Doc. 18 at 14.